IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 19-_____** |
| v. | : | DATE FILED: August 21, 2019 |
| **HAI NGUYEN** | : | VIOLATIONS:<br>18 U.S.C. § 3 (accessory after the fact – 3 counts) |
| | : | 18 U.S.C. § 1001 (false statements – 2 counts) |

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

On or about August 27, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**HAI NGUYEN,**

knowing that an offense against the United States has been committed, to wit, the kidnapping resulting in death of Vu Huynh, deceased, did receive, relieve, comfort, and assist the offender, Tam Le, charged elsewhere, in order to hinder and prevent the offender's apprehension, trial, and punishment.

In violation of Title 18, United States Code, Sections 3 and 1201(a)(1).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 27, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**HAI NGUYEN,**

knowing that an offense against the United States has been committed, to wit, the kidnapping resulting in death of Viet Huynh, deceased, did receive, relieve, comfort, and assist the offender, Tam Le, charged elsewhere, in order to hinder and prevent the offender's apprehension, trial, and punishment.

In violation of Title 18, United States Code, Sections 3 and 1201(a)(1).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 27, 2014, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**HAI NGUYEN,**

knowing that an offense against the United States has been committed, to wit, the kidnapping of T.V., a person known to the grand jury, did receive, relieve, comfort, and assist the offender, Tam Le, charged elsewhere, in order to hinder and prevent the offender's apprehension, trial, and punishment.

In violation of Title 18, United States Code, Sections 3 and 1201(a)(1).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

At all times material to this indictment:

1. On the night of August 26 to August 27, 2014, Tam Le, charged elsewhere, lured victims Vu Huynh and Viet Huynh, both deceased, and Victim T.V., a person known to the grand jury, to his residence in Philadelphia. The three victims owed a substantial debt to Tam Le and his drug trafficking associate, Lam Trieu, charged elsewhere. When each victim arrived at Tam Le's residence, Tam Le and three other men, known to the grand jury, beat and tied up each victim. Minh Nguyen, charged elsewhere, acted as a lookout outside of Tam Le's residence. Inside Tam Le's garage, Tam Le and the three other men tortured the victims in an attempt to force them to pay their substantial debt.

2. When the victims failed to pay in full, Tam Le, Minh Nguyen, and the three other men transported the still-restrained victims to the Schuylkill River. At the river, Tam Le and the others stabbed the victims, weighed their bodies down with buckets of roofing cement, and threw the victims, still alive, into the Schuylkill River. Vu Huynh and Viet Huynh died in the river. Victim T.V. managed to escape his binds, crawl out of the river, and flag down a passing motorist for assistance. The motorist contacted the Philadelphia Police.

3. On August 27, 2014, shortly after 2:00 a.m., defendant HAI NGUYEN traveled from his home in Delaware to Tam Le's residence in Philadelphia. Tam Le told defendant HAI NGUYEN that he had killed the victims. In the presence of defendant HAI NGUYEN, Tam Le instructed Minh Nguyen to help him clean up the blood in his garage where the kidnapping took place. Tam Le, Minh Nguyen, and defendant HAI NGUYEN then traveled

from Tam Le's residence to the scene of the murders along the banks of the Schuylkill River to ensure that the victims were dead. However, before they reached the river, they observed Philadelphia Police on the scene and returned to Tam Le's residence. On August 27, 2014, defendant HAI NGUYEN drove Tam Le and his family to upstate New York in an attempt to evade arrest for the kidnapping and murders.

4. On or about February 7, 2017, in the Eastern District of Pennsylvania and the District of Delaware, defendant

**HAI NGUYEN,**

in a matter within the jurisdiction of the FBI, an agency of the executive branch of the United States, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, in that defendant HAI NGUYEN stated that he did not travel to Philadelphia after 2:00 a.m. on the night of August 27, 2014, when in fact he knew that this statement was false in that he did travel to Philadelphia at that time.

In violation of Title 18, United States Code, Section 1001.

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 3 of Count Four are incorporated here.

2. On or about February 13, 2017, in the Eastern District of Pennsylvania and the District of Delaware, defendant

**HAI NGUYEN,**

in a matter within the jurisdiction of the FBI, an agency of the executive branch of the United States, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, in that defendant HAI NGUYEN stated that he did not travel to Philadelphia after 2:00 a.m. on the night of August 27, 2014, when in fact he knew that this statement was false in that he did travel to Philadelphia at that time.

In violation of Title 18, United States Code, Section 1001.

**A TRUE BILL:**

_____
**GRAND JURY FOREPERSON**

_____
**WILLIAM M. MCSWAIN**
**United States Attorney**